**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DOYLE G. OLSEN,

        Plaintiff-Appellant,

v.

SHEILA WIDNALL, Secretary,
Department of the Air Force,

        Defendant-Appellee.

No. 99-4027
(D.C. No. 97-CV-83K)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **BARRETT** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Doyle G. Olsen appeals from a summary judgment granted in favor of defendant-appellee and from denial of his cross-motion for summary judgment on his claim brought pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 633a. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). In conducting that review,

> [w]e examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine [whether] the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion. However, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

*Id.* (quotations and citations omitted). There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The undisputed facts are fully set forth in the district court's order granting summary judgment. *See* Appellant's App. at 5-7. The crux of plaintiff's complaint is that a performance rating of 62 (out of a possible 81) given by his

-2-

supervisor in 1987 resulted in his ineligibility for membership in an exclusive cadre for which the Air Force gives preferential consideration for promotions and training, and that the score effectively removed him from consideration for promotion the following year. *See* Appellant's Br. at 2-3. He claimed that Kenneth Blanchard, his immediate supervisor, lowered his score from what Blanchard originally planned to give him in response to division chief Robert Hartnett's directive, and that he had heard that Hartnett would never give anyone nearing retirement age a good appraisal. *See* Appellee's Supp. App. at 147, 149. He did not claim that Blanchard had the same discriminatory intent.

In granting judgment in favor of defendant, the district court noted that the rating, which was essentially in the "high range" of scores and meant that plaintiff was "above fully successful," *see* Appellant's App. at 19, did not affect the terms, privileges, duration, or conditions of his employment and resulted in no changes in the job title or salary or responsibilities that he held. *See id.* at 9-10. The court concluded that plaintiff could not prevail as a matter of law on his age discrimination claim because he could not show that he suffered an adverse employment action. *See id.* at 10; *see also Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1315-16 (10th Cir. 1999) (setting forth elements for *prima facie* case of age discrimination in employment and allocation of burdens for disparate treatment claims).

On appeal, plaintiff claims that eliminating a chance for promotion by giving an employee a performance rating that is insufficient for promotion is an adverse employment action encompassed by the term "privileges" of employment. We need not grapple with this more general issue, however, because plaintiff fails to establish that a genuine issue of material fact exists as to whether he suffered an adverse employment action under the specific facts of his case. Plaintiff testified that in 1986 a different supervisor gave him a performance rating of 71, which he apparently agreed was consistent with his abilities, and that he was "shocked" that his rating had gone down nine points in 1987. Appellee's Supp. App. at 147. Blanchard testified that in 1987 he had rated plaintiff as a "seven" in most categories instead of as the maximum score of "nine" because there had been some instances in which plaintiff had engaged in unprofessional demeanor with people from other commands, *see id.* at 290, that he had received complaints that plaintiff did not seem to be on top of the status of programs he was responsible for, *see id.* at 296-97, that he occasionally had to prompt plaintiff on work productivity, *see id.* at 298, that plaintiff showed a negative attitude towards other staff members in staff meetings, *see id.* at 299, and that sometimes he had to follow up plaintiff on high visibility tasks, *see id.*

Plaintiff did not contend that these reasons were fabricated; he testified that some of the reasons were only "partly true;" admitted that he had originated a

letter that resulted in a complaint from a colonel, and admitted that he had made negative comments in staff meetings but justified them. *See id.* at 157-59. Blanchard testified that after Hartnett told him to review all performance ratings of the individuals under his supervision because he appeared to have been too optimistic in his division's ratings, he reevaluated plaintiff's performance ratings and believed he had changed them, but "not a great deal. Maybe three or four points, and I'm just speculating." *Id.* at 318.

Plaintiff testified that, in competing for promotions, "[t]here are generally enough employees with the top score of 81 that any lesser score will not result in an employee's name appearing on the promotion certificate." *Id.* at 150. Blanchard stated that even a score of 79 would not get an applicant on a promotion roster, and that without scores of all nines, it was "tough" to get a promotion. *Id.* at 86. The record shows that only 30% of those receiving promotions in 1986 were cadre members and that cadre-reserved positions had been eliminated. *See* Appellant's App. at 24. Thus, even if Blanchard lowered plaintiff's score three to four points at Hartnett's direction, it did not affect his promotion opportunities in light of Blanchard's original ratings and the standards necessary for promotion at the time in question. The district court's conclusion that plaintiff did not suffer an adverse employment action because of his

performance rating is correct.  The judgment of the United States District Court

for the District of Utah is AFFIRMED.


                              Entered for the Court


                              James E. Barrett
                              Senior Circuit Judge